Lorraine SMITH, Appellant,

v.

Otis R. BOWEN, Secretary, Department of Health & Human Services.

No. 86–5398.

United States Court of Appeals, District of Columbia Circuit.

Argued April 28, 1987.

Decided August 25, 1987.

Joan E. Fairbanks, with whom Paula D. Scott, Washington, D.C., was on brief, for appellant.

Claire Whitaker, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before MIKVA and WILLIAMS, Circuit Judges, and WEIGEL,* Senior District Judge.

Opinion for the Court filed by Senior District Judge WEIGEL.

WEIGEL, District Judge:

Lorraine Smith appeals from a judgment of the district court affirming a decision of the Secretary of Health and Human Services to deny her claim for disability insurance benefits and supplemental security income under titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq. See Smith v. Bowen,* 633 F.Supp. 446 (D.D.C.1986). She claims, among other things, that the Secretary misapplied the Medical-Vocational Guidelines (20 C.F.R. pt. 404, subpt. P, app. 2) ("grids") in determining that jobs existed in the national economy which she was capable of performing.

## FACTS

Lorraine Smith, 51, quit her last job as a maid in 1981 because of pain from arthritis, a broken ankle and constant exposure to allergens. Her ankle has healed to some extent, but she complains of continued de-terioration of her general health, back problems, severe allergies, high blood pressure, blurred vision, pulmonary disease, degenerative joint disease, hypertension, obesity, partial hearing loss and arthritis in her legs, hands and ankle. Smith has an eighth grade education.

She applied for disability insurance benefits and supplemental security income in September, 1983. The Office of Disability Operations of the Social Security Administration denied her application. She then received a hearing before an administrative law judge ("ALJ").

The ALJ affirmed the denial of benefits. He found that although her impairments made her unable to perform her past work as a maid, she was capable of performing light work even though her capacity to perform the full range of light work was reduced by limited hearing and inability to work around fumes and dust. Even so, and somewhat inconsistently, he ruled that Smith "does not have significant nonexertional impairment" and that her "capacity for the full range of light [work] has not been significantly compromised by her additional nonexertional limitations." The ALJ finally concluded that, using the grids as a "framework," Smith was not disabled.

## STANDARD OF REVIEW

The court must uphold the Secretary's determination if it is supported by substantial evidence and is not tainted by an error of law. *See Brown v. Bowen,* 794 F.2d. 703, 705 (D.C.Cir.1986); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support [the Secretary's] conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

## ANALYSIS

Under the Social Security Act, a claimant is entitled to disability benefits if she is unable "to engage in any substantial gain-

---

* Of the United States District Court for the Northern District of California, sitting by designation

pursuant to 28 U.S.C. § 294(d).

ful activity by reason of any medically determinable physical or mental impairment which can be expected to ... last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Secretary has established a five-step procedure for evaluating claims of disability. 20 C.F.R. §§ 404.1520, 416.920. The first four steps are not at issue here because the Secretary acknowledges that Smith has a combination of impairments that prevent her from performing her past work as a maid. The inquiry therefore must proceed to the fifth step, in which the Secretary has the burden of showing that the claimant is capable of performing gainful work. *Id.* §§ 404.1520(f), 416.920(f).

The Secretary promulgated the grids to aid in the fifth stage of the procedure. The grids specify whether a significant number of jobs in the national economy exist for a claimant of a given age, education, work experience, and residual functional capacity (that is, functional level of work that the claimant can physically perform on a sustained basis).

In *Heckler v. Campbell*, 461 U.S. 458, 467–68, 103 S.Ct. 1952, 1957–58, 76 L.Ed.2d 66 (1983), the Supreme Court upheld the use of the grids in appropriate circumstances. However, the Court cautioned that the grids apply "only when they describe a claimant's abilities and limitations accurately." *Id.* at 462 n. 5, 103 S.Ct. at 1955 n. 5. "If an individual's capabilities are not described accurately by a rule [in the grids], the regulations make clear that the individual's particular limitations must be considered." *Id.*

The grids do not take into account nonexertional impairments. Thus, applying the grids to a claimant with nonexertional impairments may lead to an inaccurate finding that jobs exist that the claimant can perform. As the Secretary's regulations state:

> Since the rules are predicated on an individual's having an impairment which

manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., ... environmental restrictions. Environmental restrictions are those restrictions which result in inability to tolerate some physical feature(s) of work settings that occur in certain industries or types of work, e.g., *an inability to tolerate dust or fumes.*

20 C.F.R. pt. 404, subpt. P, app. 2, § 200.-00(e) (emphasis added).

■ To the extent that the claimant's nonexertional limitations reduce her ability to perform jobs of which she is exertionally capable, the Secretary may not rely solely on the grids. *Channel v. Heckler*, 747 F.2d 577, 581 (10th Cir.1984) (per curiam); *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir.1984); *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 666 (1st Cir.1981). The regulations provide that if the claimant has exertional and nonexertional limitations and is not disabled based on strength limitations alone, then the grids may "provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2). "[F]ull consideration must be given to all of the relevant facts." *Id.*

When the claimant's nonexertional limitations require that the grids be used only as a "framework," the Secretary must introduce expert vocational testimony or other evidence to prove that a significant number of jobs are available for the claimant.[1] *Burgos Lopez v. Secretary of Health and Human Services*, 747 F.2d 37, 42 (1st Cir. 1984); *Channel*, 747 F.2d at 583; *Dellolio v. Heckler*, 705 F.2d 123, 128 (5th Cir.1983); *Nicks v. Schweiker*, 696 F.2d 633, 636 (8th Cir.1983).

---

1. The Secretary's task might be considerably easier if the grids provided more detailed information regarding the jobs available to persons with the various combinations of characteristics. For example, if the grids revealed that 90% of the jobs available to persons capable of light work were in offices, it is likely that an ALJ could properly conclude that a claimant's intolerance of fumes does not significantly impair her ability to perform the full range of light work.

■ Here, the ALJ found that Smith's capacity to perform the full range of light work was reduced by her inability to do work requiring acute hearing and to work around fumes and dust. Because these nonexertional impairments prevented her from performing all the jobs of which she was exertionally capable, the grids applied only as a framework. Other courts have agreed that the Secretary cannot rely solely on the grids where, as here, a claimant cannot tolerate fumes or dust. *See, e.g., Damron v. Secretary of Health and Human Services,* 778 F.2d 279, 282 (6th Cir. 1985); *Kail v. Heckler,* 722 F.2d 1496, 1498 (9th Cir.1984); *Thomas v. Schweiker,* 666 F.2d 999, 1004 (5th Cir.1982); *Dellolio,* 705 F.2d at 127–28; *Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981) (per curiam) (intolerance for lint). The ALJ did state that he used the grids as a framework. However, the record contains no evidence of the extent to which the pool of light work jobs was reduced by Smith's nonexertional limitations. The Secretary did not provide testimony of a vocational expert or any other evidence to supplement the grids. Thus the ALJ's conclusion that Smith's nonexertional impairments were not significant and did not significantly reduce her capacity for the full range of light work was unsupported by substantial evidence.[2]

Because Smith's nonexertional impairments limit her ability to perform the full range of jobs requiring light work, the Secretary may not rely solely on the grids to rule out disability. To support such a ruling, he must introduce expert vocational testimony or other supporting evidence.[3]

The judgment of the district court is vacated and the case remanded to the Secretary for proceedings consistent with this opinion.

*So Ordered.*

---

**2.** The ALJ's opinion may be terse, but it must enable a reviewing court to discern the path leading to the finding that jobs exist. *See, e.g., Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974); *see also Ste-*

*phens v. Heckler,* 766 F.2d 284, 287 (7th Cir. 1985).

**3.** Because we find that the Secretary's improper use of the grids requires reversal and remand, we express no opinion on Smith's other arguments for reversal.