978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny C. SHOCKLEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 92-7030.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Johnny C. Shockley appeals from the district court's order of January 24, 1992, affirming the decision of the Secretary of Health and Human Services to deny Claimant's request for social security benefits. Claimant, a thirty-eight year old male with a high school education, applied for social security benefits on July 17, 1989, claiming disability since October 1988, due to physical impairments and pain resulting from injuries he received in an occupational accident in 1969. His initial request was denied. Following a hearing before an administrative law judge, his request was again denied initially and on reconsideration. The ALJ's decision thus became the final decision of the Secretary. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991).
 
 
 3
 Approximately eighteen years prior to Claimant's application for disability benefits, he was injured while changing the tires on a logging truck. A rim blew off of the truck, striking Claimant in the lower legs, the pelvic area, and the abdomen. Claimant suffered multiple compound fractures in both legs and other injuries to the groin and rib cage. His rehabilitation was slow and marred by additional fractures and problems. It was a year and a half after the accident before Claimant was able to walk without a cane. Claimant reported to Dr. C.T. Marrow, the consulting physician, that following the accident he continued to suffer pain and stiffness which he would control with beer and Tylenol. Record Vol. II at 94.
 
 
 4
 Claimant worked as a millwright and as a crane operator for Brown and Root from approximately 1973 until 1986, when he quit, allegedly due to pain. Claimant has held several other jobs for short periods of time since leaving Brown and Root. Claimant testified that at the time he became disabled he was working at a Tyson's chicken plant, but was unable to continue because of pain. Record Vol. II at 28. He further testified that he had recently helped sweep up and take care of the yard at his father's auto mechanic shop. Id. at 32.
 
 
 5
 Although Claimant stated he was not undergoing any current medical treatment, id. at 33, he did testify that, in the past, he had tried a "biofeedback machine" in an attempt to control the pain, id. at 29. When questioned regarding his daily activities, Claimant acknowledged that he worked in the garden, played with the dogs, drove the car with caution, used an exercise machine, and fished from a boat. Id. at 34-36.
 
 
 6
 Dr. Marrow noted Claimant's complaints regarding the pain in his legs, hips, and low back. Id. at 95. He also reported that Claimant has a weakness in his right arm following an elbow fracture two years before. Id. He found scarring and deformity in Claimant's legs and right elbow, but stated that Claimant has a full range of motion in all extremities. Id. at 97. Dr. Marrow observed that Claimant exhibited an adequate gait in terms of speed and stability and he walks without support or aid. Id.
 
 
 7
 In order for Claimant to qualify for disability payments, he must establish a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents Claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The Secretary has established a five-step process for determining disability. 20 C.F.R. §§ 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (providing an in-depth discussion of the five steps). The first two steps, that Claimant is not engaged in substantial gainful employment, and that he is suffering from a medically severe impairment or combination of impairments, are not at issue in this case. However, Claimant does take issue with the ALJ's determination that he does not have an impairment or combination of impairments found on the Secretary's list of impairments presumed to be disabling, 20 C.F.R. § 404, Subpt. P, App. 1, and with the determination that, although Claimant is not able to return to his past relevant work as a crane operator and millwright, in view of Claimant's age, education, and work experience, he had the residual functional capacity to perform the full range of sedentary work available in the national economy.[1]
 
 
 8
 On appeal, Claimant contends that (1) the ALJ failed to adequately develop the record with regard to his complaints of pain and his mental impairments[2] and (2) the ALJ erred in not obtaining the testimony of a vocational expert. Claimant also offers new evidence of an alleged mental impairment not presented to the ALJ or the district court and asks this court to remand the cause for a supplemental hearing in light of the new evidence.
 
 
 9
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991). The claimant has the burden of proving a disability that prevents him or her from engaging in prior work activity. Once such a showing is made, the burden shifts to the Secretary to show the claimant can perform jobs existing in the national economy. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989).
 
 
 10
 In evaluating a claimant's allegations of disabling pain, the ALJ must find the pain to be " 'so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986) (quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983)). The framework for the ALJ's analysis of whether or not a claimant suffers from disabling pain is set forth in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). After establishing the existence of a pain-producing impairment, and establishing a "loose nexus" between the impairment and the subjective allegations of pain, the claimant must then establish that the pain is in fact disabling. Id. at 164-66.
 
 
 11
 When deciding whether the ALJ adequately developed the record for an unrepresented claimant, we must inquire whether the ALJ asked sufficient questions in order to determine, "(1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." Musgrave v. Sullivan, 966 F.2d 1371, 1374-75 (10th Cir.1992). Our review of the hearing transcript indicates that the ALJ asked adequate, albeit cursory, questions to allow Claimant an opportunity to convince the ALJ that he suffered disabling pain. See Jordon v. Heckler, 835 F.2d 1314, 1315-16 (10th Cir.1987). The ALJ's questions touched upon the medications Claimant was taking for pain relief, the infrequency of his attempts to seek medical treatment, and his daily activities. Based upon Claimant's testimony and the limited objective medical evidence submitted by Claimant, the ALJ concluded that Claimant's allegations of disabling pain were not credible. See Williams v. Bowen, 844 F.2d at 753 (the ALJ makes credibility determinations after considering both the objective and subjective evidence of pain). Therefore, we conclude that, although scant, there is sufficient evidence to support the determination that Claimant's pain is not completely disabling.
 
 
 12
 Our review, however, does not end with affirmance of the ALJ's determination that Claimant does not suffer from disabling pain. At this step-five juncture, the Secretary has the burden of demonstrating that jobs exist in the national economy which Claimant can consistently perform despite his pain. See Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir.1991). In some cases, the Secretary may meet the burden of showing that a claimant retains the capacity to perform sedentary work and that suitable work exists in the national economy by reliance on the Medical-Vocational Guidelines, "the grids." 20 C.F.R. Pt. 404, Subpt. P, App. 2; Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987).
 
 
 13
 The grids obviate the need for vocational testimony by setting forth rules that identify whether jobs requiring specific combinations of residual functional capacity, age, education, and work experience exist in the national economy. Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988). However, the presence of a nonexertional impairment such as pain, which prevents the claimant from performing a full range of work, may preclude application of the grids as anything more than a guideline, and may require the Secretary to obtain testimony from a vocational expert to determine the extent of the disability. See Channel v. Heckler, 747 F.2d 577, 582-83 (10th Cir.1984); Smith v. Bowen, 826 F.2d 1120, 1122 (D.C.Cir.1987).
 
 
 14
 Although "[t]he mere presence of some nonexertional pain [does] not automatically preclude reliance on the grids," Ray v. Bowen, 865 F.2d at 225, the exclusive use of the grids is precluded if the nonexertional impairment limits the range of jobs that is available to a claimant, Channel v. Heckler, 747 F.2d at 582 n. 6. There is no doubt that Claimant has a history of physical traumas which could reasonably cause some pain. However, there is a question whether Claimant's pain may prevent him from doing substantially all of the activities listed for sedentary work. In this case, the ALJ failed to determine what tasks Claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments. See id. at 582-83. Therefore, we remand the case to the Secretary for the purpose of obtaining vocational expert testimony or other evidence of Claimant's ability to perform jobs available in the national economy.
 
 
 15
 Finally, Claimant asks that we remand the case for a supplemental hearing in light of his newly proffered evidence of mental impairment. However, because we remand this case for a more thorough evaluation of Claimant's nonexertional limitations, we will leave evaluation of Claimant's new evidence of a mental impairment to the Secretary.
 
 
 16
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary...." 20 C.F.R. §§ 404.1567(a), 416.967(a)
 
 
 [2]
 Although Claimant contends that the ALJ did not develop the record adequately in regard to his "mental impairments," our review of the record does not reveal any indication, allegation, or evidence of mental impairment. The ALJ cannot be expected to exhibit clairvoyance such that he would explore the existence and extent of an alleged impairment which is unknown to him