979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joycelyn A. ROGERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5642.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN N. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Joycelyn A. Rogers, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 Rogers filed an application for disability insurance benefits on March 31, 1988, alleging a disability since April 1980, due to cervical disc problems. She last met the disability insured status requirements under the Social Security Act on June 30, 1986.
 
 
 3
 An administrative law judge (ALJ) determined that Rogers was not disabled because she retained the residual functional capacity (RFC) to perform a full range of medium work and that she could perform her past relevant work as a manufacturing machine operator and supervisor.
 
 
 4
 Rogers then sought judicial review of the Secretary's decision denying benefits. The district court found that substantial evidence existed to support the Secretary's decision.
 
 
 5
 Rogers has filed a timely appeal raising the same grounds for relief which she raised before the district court. She argues that the Secretary's decision is not supported by substantial evidence because the ALJ: (1) did not properly evaluate her RFC; (2) did not obtain the testimony of a vocational expert (VE) regarding her past relevant work, nonexertional limitations and transferability of work skills; and (3) did not properly consider and evaluate her complaints of pain.
 
 
 6
 Upon review, we conclude that the Secretary's decision denying Rogers benefits at the fourth step of the sequential evaluation under 20 C.F.R. § 404.1520(e) is not supported by substantial evidence. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 The medical record establishes that Rogers's cervical disc disease and carpal tunnel syndrome result in a significant nonexertional limitation i.e., decreased ability to use her left upper extremity and hand. (See App. 155, 159-61, 205-208). VE testimony should be obtained where a claimant has significant nonexertional limitations. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir.1989); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988); Smith v. Bowen, 826 F.2d 1120, 1122 (D.C.Cir.1987); Warmoth v. Bowen, 798 F.2d 1109, 1110 (7th Cir.1986) (per curiam). Furthermore, VE testimony is needed to clarify the job duties and requirements of Roger's past relevant work to determine if she can perform that work or other work which exists in significant numbers in the national economy. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 8
 Accordingly, we hereby vacate the district court's order and remand the case for further proceedings before the Secretary consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.