Minnie CROSSON, Plaintiff,

v.

Donna E. SHALALA, Defendant.

Civ. A. No. 94–1968 (JR).

United States District Court,
District of Columbia.

Oct. 13, 1995.

Michael R. Schuster, Legal Counsel for the Elderly, Washington, DC, for plaintiff.

Wyneva Johnson, Assistant U.S. Attorney, Washington, DC, for defendant.

## MEMORANDUM

ROBERTSON, District Judge.

Before the Court is plaintiff's appeal from the final decision of the Secretary of Health and Human Services denying her application for widow's disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The government has filed a cross motion for affirmance of the Secretary's decision.

### 1. *Background*

Plaintiff is the sixty year-old unmarried widow of wage-earner Thomas Crosson. She has a 12th grade education and a vocational background as a store clerk.

In 1978, plaintiff obtained a civil service disability determination from her employer, the Department of Defense, and retired from work. The disability determination was that plaintiff suffered from moderately controlled hypertension and moderate depression. Upon her retirement, plaintiff became eligible to qualify for widow's disability benefits. Her qualification period ended on May 31, 1982.

Plaintiff's medical records reveal a history of hypertension (high blood pressure), chest pain, and shortness of breath which have led to hospitalization for clinical observation and diagnosis in 1975, 1978, 1981, and 1982. Despite plaintiff's ailments, medical testing undertaken during these hospitalizations was generally unremarkable. Echocardiograms and EKG studies were within normal limits or only minimally positive. Chest x-rays, lung scans, brain scans, and other examinations performed on plaintiff were essentially normal through 1984, two years after plaintiff's last insured date.

A cardiac catheterization performed in 1982 revealed normal coronary arteries and no evidence of cardiac spasm. After the 1982 hospital visit, plaintiff's chest pain was deemed by her treating physician to be non-cardiac in nature. Hospital records indicate that plaintiff was, at times, not taking her high blood pressure medication.

Plaintiff filed her application for benefits on August 22, 1990. The local HHS office denied plaintiff's claim at the initial and reconsideration levels of administrative review. At plaintiff's request, an administrative hearing was held before an Administrative Law Judge (ALJ) in June 1993.

In assessing plaintiff's claim, the ALJ followed the multi-step process called for in the Secretary's regulations. 20 C.F.R. § 404.1520 (1983); *see Brown v. Bowen,* 794 F.2d 703, 705–706 (D.C.Cir.1986). The ALJ found that, although plaintiff suffered from some chest pain and shortness of breath, she was capable of performing sedentary work, as defined under the Act, and thus was not disabled.

Plaintiff appealed the ALJ's decision, supplementing the record with documentary evidence of her mental condition, adduced for the first time on appeal. The Appeals Council concluded that the ALJ's findings remained supported by the weight of the evidence, and declined review. With the ALJ's decision standing as the Secretary's final decision on her claim, plaintiff filed this civil action.

## 2. Standard of Review

A district court's review of the Secretary's final decision is limited by the Act. If the Secretary's findings are supported by substantial evidence, they must be treated as conclusive and her decision, affirmed. 42 U.S.C. § 405(g); *see Smith v. Bowen,* 826 F.2d 1120, 1121 (D.C.Cir.1987). "Substantial evidence" is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427–28, 28 L.Ed.2d 842 (1971).

The substantial evidence standard requires considerable deference to the decision rendered by the ALJ. The reviewing court may not reweigh the evidence presented to it, nor may it replace the Secretary's judgment concerning the credibility of the evidence with its own. *Davis v. Heckler,* 566 F.Supp. 1193, 1195 (D.D.C.1983).

## 3. Analysis

In denying plaintiff's application for benefits, the ALJ drew two basic conclusions with which plaintiff takes issue.[1] First, although the ALJ found that plaintiff's chest pains and hypertension were "severe" impairments within the meaning of 20 C.F.R. § 404.1520(c), he concluded that these impairments, were not of sufficient severity to meet or equal the level of the Secretary's "listed impairments," under 20 C.F.R. § 404.1520(d), on which a finding of disability could summarily be made.

Second, the ALJ concluded that, although plaintiff may have been unable to perform her previous work as a store clerk, her medical condition between 1978 and 1982 did not prevent plaintiff from performing sedentary work. Therefore, under the Secretary's reg-

ulations, plaintiff was not disabled. 20 C.F.R. § 404.1520(e), (f).

The evidence appears to support the ALJ's decision on the first issue, that plaintiff was not disabled prior to May 31, 1982. Plaintiff's diagnostic tests and examinations failed to document a disabling condition between 1978 and 1982. Despite a history of hypertension and occasional non-cardiac chest pains, all EKGs, chest x-rays, lung scans, brain scans, and examinations performed on plaintiff were essentially normal during the benefits eligibility period. Thus the record adequately supports the ALJ's conclusion that plaintiff's ailments—hypertension without end-organ damage, angina, and shortness of breath—singly or in combination, did not amount to the equivalent of a "listed impairment" under 20 C.F.R. § 404.1520(d).

Moreover, the ALJ expressly considered the combined effect of the impairments from which plaintiff suffered before reaching his conclusion. The addition of evidence of "moderate depression" (first raised before the Appeals Council) does not require a reconsideration of the ALJ's decision.

The Secretary's finding that plaintiff was capable of sedentary work is also supported in the record. Stress tests in 1978 and 1982 reveal that plaintiff could exercise at levels meeting or exceeding those required for sedentary work. In 1990, when plaintiff filed her initial claim for widow's disability benefits, she reported that she was able to care for her personal needs, cook, read, walk short distances, and attend church twice weekly. Thus, plaintiff's own admissions, as well as objective medical evidence, support the ALJ's finding that plaintiff had the residual functional capacity to perform sedentary

---

1. ˙Plaintiff's brief sets forth numerous bases upon which she believes I should reverse the Secretary's decision to deny her widow's disability benefits. Plaintiff claims, *inter alia,* that the ALJ failed to adequately evaluate plaintiff's pain; that the ALJ failed to accord the appropriate weight to the reports of plaintiff's treating physicians; and that it was error to find plaintiff able to perform sedentary work. I believe, however, that, given the standard of review I must apply, these claims boil down to whether the ALJ's

findings, made pursuant to the process established by 20 C.F.R. § 404.1520, are supported by substantial evidence, and I shall treat them accordingly. Plaintiff's other claims—that the ALJ erred by failing to consider the combined effect of plaintiff's various alleged impairments, and that the ALJ erred by using the Secretary's Medical–Vocational Guidelines in reaching his decision—assert errors of law and are addressed specifically below.

work in the years following her retirement in 1978.

Given plaintiff's ability to perform sedentary work, and her age, education and work experience, the Secretary's vocational guidelines directed the ALJ to conclude that plaintiff was capable of "sustained gainful activity" and therefore not disabled. 20 C.F.R. § 404.1569; Rules 201.27, 201.28, and 201.29.

■ While, in some cases, non-exertional impairments may require the ALJ to look beyond the vocational guidelines in determining eligibility for benefits, I find in this case that the ALJ's decision to remain within the guidelines is sufficiently supported. The record lacks objective medical evidence suggesting that plaintiff had significant non-exertional impairments.

After reviewing the medical records, plaintiff's testimony, and the findings of the ALJ and Appeals Council, I find that the Secretary's decision to deny plaintiff widow's disability benefits was supported by substantial evidence.

An appropriate order is issued herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is this 13th day of October 1995, **ORDERED**

1. That plaintiff's motion for reversal of the Secretary's decision is **denied.**

2. That this case is dismissed.