**Rosario MENDOZA, Appellant,**

v.

**SOCIAL SECURITY COMMISSIONER, Appellee.**

No. 03–5033.

United States Court of Appeals, District of Columbia Circuit.

March 25, 2004.

Rehearing Denied May 3, 2004.

Rosario Mendoza, Olongapo City, Philippines, pro se.

Fred E. Haynes, Assistant U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Stephen J. Harburg, pro se.

Morgen Anne Sullivan, O'Melveny & Myers, Washington, DC, Amicus Curiae for Appellant.

Before: GINSBURG, Chief Judge, and RANDOLPH and ROBERTS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court and on the briefs and on the arguments of the parties and the amicus curiae appointed by the court. It is

ORDERED AND ADJUDGED that the judgment of the district court is affirmed. We need not decide any of the constitutional questions presented by Amicus; even if Mr. Mendoza were a citizen of the United States within the meaning of the Citizenship Clause of the Fourteenth Amendment to the Constitution of the United States, or should be treated similarly to a national of American Samoa for the purposes of equal protection under the Fifth Amendment, Mrs. Mendoza lacks any evidence demonstrating her husband "died [as] a fully insured individual," 42 U.S.C. § 402(e)(1), and therefore she is not entitled to widow's insurance benefits.

1. In order to be a fully-insured individual, Mr. Mendoza must have had 12 quarters of coverage. 42 U.S.C. § 414(a)(1). A quarter of coverage is a three month calendar period "in which an individual has been paid $50 or more in wages." 42 U.S.C. § 413(a)(2)(A)(i). There is no record evidence demonstrating Mr. Mendoza earned at least $50 in any quarter, let alone in 12. The SSA had no record of the wages paid by the Navy to Mr. Mendoza. *See* 42 U.S.C. § 405(c)(3) ("The absence of an entry . . . as to wages alleged to have been paid . . . shall be evidence that no such alleged wages were paid"). Mrs. Mendoza provided no evidence of the wages paid to Mr. Mendoza, such as pay stubs, income tax returns, or a certification from the Navy. Therefore, substantial record evidence supports the judgment of the district court that Mr. Mendoza had no quarters of coverage and was not fully insured at the time of his death. *See Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C.Cir.1987).

2. The Commissioner did not, as the Amicus claims, abdicate his duty to develop arguments both for and against the grant of Social Security benefits. *See Sims v. Apfel*, 530 U.S. 103, 111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). The Commissioner was not required to investigate the possibility Mr. Mendoza had covered military service in light of Mrs. Mendoza's statement that her husband did not serve

in the military during World War II and the documentary evidence demonstrating Mr. Mendoza was not entitled to a veteran's preference.

3. Nor did the district court abuse its discretion by failing to appoint counsel pursuant to 28 U.S.C. § 1915. The appointment of counsel would not have affected the outcome given the record before the agency.

4. We have rejected previously the argument that due process requires a claimant for social security benefits be afforded a hearing in the Philippines. *See Reyes v. Secretary of Health, Education & Welfare,* 476 F.2d 910, 915 (D.C.Cir.1973). Due process requires neither an oral hearing nor a video teleconference, but only a reasonable opportunity to be heard. *See*

*Dickson v. OPM,* 828 F.2d 32, 41 (D.C.Cir. 1988). Mrs. Mendoza had a reasonable opportunity to present and to develop her case for widow's insurance benefits.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.