# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 9, 2008          Decided June 24, 2008

No. 07-5130

ANTONIA ROSSELLO,
ON BEHALF OF JOAQUIN ROSSELLO AND CRISTINA ROSSELLO,
APPELLANT

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 01cv02694)

*Jennifer Arnett* argued the cause for appellant. With her on the briefs was *James Bernard*.

*Fred E. Haynes*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: GINSBURG, BROWN, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Cristina Rossello has a history of serious mental illness. In 1993, her father, Joaquin Rossello, applied for Social Security "childhood disability" benefits on behalf of Cristina. He asserted that Cristina has been continuously disabled since before age 22, which is the relevant statutory trigger for those benefits. In 1995, the Social Security Administration initially denied the Rossellos' claim. The Rossellos then unsuccessfully pursued five years of administrative appeals until the agency issued its final decision denying their claim. In 2000, the Rossellos sought judicial review of the agency's final decision. In 2007, the District Court ultimately affirmed the agency's decision denying Cristina benefits.

We conclude that the Social Security Administration's denial of benefits was not supported by substantial evidence. We therefore reverse the District Court's judgment and direct the District Court to remand the case to the Social Security Administration. Given the amount of time that has passed since the Rossellos' initial 1993 application for benefits, we anticipate that the District Court will quickly issue an order remanding the case and that the Social Security Administration then will prioritize the matter and promptly determine Cristina's entitlement to disability benefits.

I

The Rossello family's journey through the Social Security Administration's hearing process began more than 15 years ago. To appreciate the Rossellos' story, one must begin with an understanding of the Social Security disability-benefits scheme.

One way for disabled adults to obtain government benefits is to qualify based on their parents' status in the Social Security system.  Under Title II of the Social Security Act, a disabled adult like Cristina whose parent is entitled to Social Security retirement benefits may herself receive Social Security childhood disability benefits if she has been continuously disabled since before the age of 22 and is dependent on her parent.  42 U.S.C. § 402(d)(1)(B).

The key issue before the Social Security Administration was whether Cristina Rossello has been continuously "disabled" since before the age of 22 – that is, whether she has been unable since turning 22 "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  § 423(d)(1)(A).  To determine whether an individual has been continuously disabled, the Social Security Administration first considers whether the individual's work activity since turning 22, if any, constitutes "substantial gainful activity"; if so, that disqualifies the claimant from benefits.  20 C.F.R. § 404.1520(a)(4)(i); *see also* § 404.1571 ("If you are able to engage in substantial gainful activity, we will find that you are not disabled.").  The Social Security Administration then considers the medical severity of the individual's impairment and whether the claimant has suffered from that impairment since before turning 22, among other factors. § 404.1520(a)(4)(ii)-(v); *see also* § 404.1520a (relating to mental impairments).

The Rossellos' odyssey began in February 1993 when Joaquin Rossello applied for Social Security retirement benefits.  At the same time, Joaquin also sought childhood disability benefits on behalf of his daughter Cristina, who was then 28 years old and had a history of debilitating mental illness.  Joaquin submitted extensive medical evidence

showing that Cristina had been diagnosed with chronic mental illness and had been hospitalized multiple times.

In 1995, the Social Security Administration denied Cristina's claim for benefits because the Rossellos had not submitted medical evidence establishing that Cristina's condition began before she turned 22 in 1986, as required by law.

The Rossellos appealed the denial to an administrative law judge and submitted additional medical evidence, including a doctor's certification that Cristina had been diagnosed with and treated for mental disorders from 1980 to 1983 (when she was 16 to 19 years old) and that she had been institutionalized for part of that time. The ALJ nonetheless denied Cristina's claim. The ALJ ruled that the record did not support Cristina's claim that she was disabled before turning 22 because the medical *certificate* describing her treatment from 1980 to 1983 did not constitute medical *evidence* of Cristina's condition during that time.

The Rossellos sought relief from the Social Security Administration's Appeals Council, which exercises discretionary review of ALJ decisions. 20 C.F.R. §§ 404.968, 404.970. The Appeals Council granted review but explained that Cristina's earnings in 1986 and 1987 (when she was 22 and 23 years old) suggested she had performed substantial gainful activity since turning 22 – meaning she could not meet the statutory requirement that a claimant be continuously disabled since before the age of 22. The Appeals Council noted that Cristina earned an average of $334.42 per month in 1986 and $587.04 per month in 1987. Under the Social Security regulations, average monthly earnings of more than $300 in 1986 or 1987 create a presumption that an individual "engaged in substantial gainful activity." § 404.1574(b)(2)(i)

& tbl.1. Average monthly earnings below $190 create a presumption that an individual did not engage in substantial gainful activity. *See* SSR 83-33, Titles II and XVI: Determining Whether Work is Substantial Gainful Activity–Employees, 1983 WL 31255, at *2 (Soc. Sec. Admin. Nov. 30, 1982). As a result of Cristina's monthly earnings in 1986 and 1987, it appeared to the Appeals Council that Cristina was not *continuously* disabled since before the age of 22 and therefore did not qualify for childhood disability benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i).

Before making a final ruling, the Appeals Council allowed the Rossellos to submit rebuttal evidence to show that Cristina's earnings in 1986 and 1987 were "subsidized" – meaning that the work was done under special conditions because of Cristina's impairment and that her earnings exceeded the reasonable value of her work. § 404.1574(a)(2). Any portion of wages that is considered a subsidy does not count as "earnings" in determining whether an individual performed substantial gainful activity. *See id.* If Cristina's earnings in 1986 and 1987 were subsidized and her average monthly *unsubsidized* earnings fell below the $300 threshold in the Social Security regulations, then the presumption that she had engaged in substantial gainful activity would drop out.

Under the Social Security regulations, subsidization occurs, for example, "when a person with a serious impairment does simple tasks under close and continuous supervision." *Id.* Circumstances indicating a "strong possibility" that earnings are subsidized include that "the employee receives unusual help from others in doing the work," that there "appears to be a marked discrepancy between the amount of pay and the value of the services," or that "[m]ental impairment is involved." SSR 83-33, 1983 WL

31255, at \*4.  As the Social Security Administration has explained, "An employer may, because of a benevolent attitude toward a handicapped individual, subsidize the employee's earnings by paying more in wages than the reasonable value of the actual services performed.  When this occurs, the excess will be regarded as a subsidy rather than earnings." *Id.* at \*3.

The Rossellos produced significant, uncontested evidence that Cristina's earnings were subsidized.  They submitted multiple affidavits describing Cristina's jobs in 1986 and 1987 as provided "by the generosity and compassion of family or acquaintances that would not have hired her otherwise because of her serious mental limitations." Affidavit of Maria Antonia Rossello (July 19, 2000), Joint Appendix ("J.A.") 153.  According to the Rossellos, Cristina's primary job in 1986 and 1987 consisted of working in an office for her uncle (with whom she was living at the time).  Cristina's uncle stated that Cristina was "not productive and performed only basic tasks like stuffing envelopes and elementary clerical work."  Affidavit of Jorge Rossello (June 16, 2000), J.A. 158; *see also id.* ("had she not been my niece, we would not have hired her").  Cristina's uncle offered her the job because he "could provide her with a sheltered environment where she could be supervised all the time." *Id.*

In its final ruling, the Appeals Council nonetheless denied the Rossellos' appeal.  Relying on 20 C.F.R. § 404.1574(b), the Appeals Council ruled that Cristina's average monthly earnings of more than $300 in 1986 and 1987 indicated that she had performed substantial gainful activity since turning 22.  The Appeals Council never expressly mentioned subsidization or analyzed Cristina's earnings under the relevant regulations; instead, it simply

stated that "there is no evidence to indicate that any of [Cristina's] work activity was performed in a . . . special environment." Appeals Council Decision (Sept. 21, 2000), J.A. 32. The Appeals Council held that because Cristina had performed substantial gainful activity since turning 22, she therefore was not disabled under the Act and was ineligible for childhood disability benefits. Having so concluded, the Appeals Council had no occasion to reach the ALJ's determination that Cristina's impairment did not begin before she turned 22. *See* 20 C.F.R. § 404.1520(a)(4) (specifying steps for determining whether claimant is "disabled").

Under the Social Security Administration's regulations, the Appeals Council decision represented the agency's final decision on Cristina's claim. *See* § 404.981 ("The Appeals Council's decision . . . is binding unless you or another party file an action in Federal district court . . . .").

The Rossellos sought review of the Social Security Administration's decision in U.S. District Court under 42 U.S.C. § 405(g). The Rossellos and the agency filed cross-motions for summary reversal and affirmance of the decision. The District Court ultimately affirmed the agency's decision. *Rossello v. Barnhart*, 473 F. Supp. 2d 72 (D.D.C. 2007). The District Court found "substantial evidence to support" the Appeals Council's conclusion that Cristina had engaged in substantial gainful activity, that the contrary evidence submitted by the Rossellos "was limited in nature," and that "nothing indicated that Ms. Rossello's earnings were subsidized or that her work conditions were particularly unique." *Id.* at 75.

The Rossellos appealed to this Court. We have jurisdiction under 28 U.S.C. § 1291; we review the District Court's judgment de novo and consider whether the Social

Security Administration's final decision is "based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004); *see also* 42 U.S.C. § 405(g).

II

The Rossellos argue that the record does not contain substantial evidence to justify the Appeals Council's conclusion that Cristina engaged in substantial gainful activity in 1986 and 1987. We agree with the Rossellos.

Substantial-evidence review is highly deferential to the agency fact-finder, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Reversal of an agency decision under that standard is rare. But this is one of those rare cases. Even under the deferential, "substantial-evidence" standard of review, the Appeals Council's decision does not pass muster.

The Appeals Council initially informed the Rossellos that it had obtained Cristina's earnings record and was prepared to rule that she had not been continuously disabled since turning 22 because her average monthly earnings in 1986 and 1987 were greater than $300, thereby triggering a presumption that she had engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2)(i) & tbl.1 (monthly earnings above $300 "show that you engaged in substantial gainful activity"). In response, the Rossellos submitted a letter and affidavits describing Cristina's work activity in 1986 and 1987. They submitted this evidence to demonstrate that Cristina's average monthly earnings of $334.42 in 1986 and $587.04 in 1987 were "subsidized" and that her unsubsidized earnings did not indicate substantial gainful activity.

The Social Security Administration's regulations provide that earnings are subsidized if the "true value" of the work, "when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings." § 404.1574(a)(2); *see also id.* ("For example, when a person with a serious impairment does simple tasks under close and continuous supervision, our determination of whether that person has done substantial gainful activity will not be based only on the amount of the wages paid."). Several circumstances "indicate the strong possibility of a subsidy," including when "[m]ental impairment is involved," when "the employee receives unusual help from others in doing the work," or when there "appears to be a marked discrepancy between the amount of pay and the value of the services." SSR 83-33, Titles II and XVI: Determining Whether Work is Substantial Gainful Activity–Employees, 1983 WL 31255, at *4 (Soc. Sec. Admin. Nov. 30, 1982).

Contrary to the conclusion of the Appeals Council that there was "no evidence" of a subsidy, the evidence indisputably establishes that Cristina's work for her uncle in 1986 and 1987 – which accounts for 82 percent of her earnings during those years – was subsidized under the Social Security Administration's regulations. Cristina's work involved simple tasks performed under close supervision by her family. *See* Affidavit of Jorge Rossello (June 16, 2000), J.A. 158 ("she was not productive and performed only basic tasks," such as "stuffing envelopes," in "a sheltered environment where she could be supervised all the time"). The evidence also shows that Cristina obtained the job through the kindness of her family and not based on merit. *See id.* ("had she not been my niece, we would not have hired her because of [her] mental disability"); *see also* Letter from Joaquin Rossello to Social Security Administration (July 18, 2000), J.A. 161 (Cristina's work "provided her with a

sheltered environment"). And Cristina's uncle was "President," "part owner," and "closely involved in [the] management" of the employer that accounted for 61 percent of Cristina's $334 monthly earnings in 1986 and 94 percent of her $587 monthly earnings in 1987. Affidavit of Jorge Rossello (June 16, 2000), J.A. 157.

The Appeals Council cited no evidence to undermine the only conclusion that the record permits – namely, that Cristina's earnings were subsidized.

If, as required by Social Security regulations, the Appeals Council had subtracted the amount of the subsidy from Cristina's earnings in those years, it presumably would have concluded that her average monthly earnings fell *below* the $300 threshold that triggers a presumption of substantial gainful activity. Indeed, because almost all of Cristina's earnings appear to have been subsidized to some degree, the Appeals Council presumably would have concluded that Cristina's unsubsidized earnings fell below the $190 threshold and thus triggered a presumption that she did *not* engage in substantial gainful activity. *See* SSR 83-33, 1983 WL 31255, at *2.[1]

---

[1] The remainder of Cristina's earnings in 1986 came from her work at a hotel where her sister Marta was employed. The evidence suggests that Cristina's earnings there may also have been subsidized. Marta obtained the job for Cristina; Cristina's sole, "very simple" duty was to distribute pool towels to hotel guests; and Marta "was able to directly and personally supervise" her sister. Affidavit of Marta Rossello (July 12, 2000), J.A. 155. The remainder of Cristina's earnings in 1987 came from work for a temporary placement agency.

We therefore agree with the Rossellos that the Social Security Administration's decision is not supported by substantial evidence.

The remaining question is whether, as the Rossellos contend, we should reverse the decision outright and hold, based on the record before us, that Cristina is entitled to childhood disability benefits. Section 405 of Title 42 expressly provides that a district court may reverse the Social Security Administration's decision rather than remand it for further proceedings. *See* § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

But § 405(g) also provides that judicial review is limited to the "*final decision* of the Commissioner." *Id.* (emphasis added). In this case, that "final decision" is the Appeals Council decision. *See* 20 C.F.R. §§ 404.981, 404.955(a). And the Appeals Council rested the denial of benefits on a single ground: its conclusion that Cristina engaged in substantial gainful activity since turning 22. We have concluded the Appeals Council erred, but that is not the end of the case. At a minimum, the Appeals Council still has to consider the Rossellos' appeal from the ALJ's conclusion that there was insufficient evidence of Cristina's mental impairment before age 22. *See SL Communications, Inc. v. FCC*, 168 F.3d 1354, 1357 (D.C. Cir. 1999) (court has "no authority to consider" intermediate, ALJ finding that was not necessary to agency's final decision); *cf. SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court . . . must judge the propriety of [agency] action solely by the grounds invoked by the agency."); *Vance v. Heckler*, 757 F.2d 1324, 1325 (D.C. Cir. 1985) (reversing and directing that

Social Security benefits be awarded where agency decision on "sole issue in the case" was not supported by substantial evidence).

* * *

As a result of bureaucratic delays, the Rossellos' case has dragged through the Social Security Administration and the courts for more than 15 years. We reverse the District Court's judgment and direct it to promptly remand the case to the Social Security Administration for the agency to expeditiously resolve the Rossellos' claim for childhood disability benefits on behalf of Cristina.

*So ordered.*