SENTELLE, Chief Judge,
concurring in part and dissenting part and dissenting in the judgment:
At the outset, I have no quarrel with the majority’s decision that the statute authorized the Secretary’s exclusion of the three executives, and I will not re-hash the factual background of the case or the reasoning leading to that conclusion. I do, however, dissent from the majority’s reversal of the Secretary’s decision on the length of the assigned exclusions.
Anyone engaged in the practice of appellate law, especially on the administrative side, knows that the standard of review may be determinative of an appellate proceeding. Because the majority today applies the wrong standard of review, it reaches an incorrect result. As the majority acknowledges, Congress has provided for review of an exclusion such as those under review here by specific statutory provision: 42 U.S.C. § 1320a-7(f). That section provides for “judicial review of the Secretary’s final decision after such hearing as is provided in section 405(g) of this title.... ” Section 405(g), made applicable to the exclusions by § 1320a-7(f), does not authorize review by “arbitrary and capricious” or “abuse of discretion” standards. See Morris v. Shalala, 207 F.3d 744, 745 (5th Cir.2000). Under the limited review afforded by § 405(g), we are to affirm the decision of the Departmental Appeals Board so long as it was “based on substantial evidence in the record and correctly applies the relevant legal standards.” Rossello v. Astrue, 529 F.3d 1181, 1184 (D.C.Cir.2008). The majority points to no finding lacking substantial evidentiary support and no departure from law. Therefore, the statute should compel a result affirming the Board, as was entered by the district court. That should leave us no avenue but affirmance of the district court.
I am concerned about the further implications of the majority’s expansion of § 405(g) review. That section governs review of the final decisions of the Commissioner of Social Security. While not a part of our daily fare, such decisions, especially in the case of disability claims, commonly come before the courts of the United States. The total number of disability claims, supplemental security income claims, retirement and survivor benefit claims, and other claims governed by § 405(g) reached 15,705 in the calendar year 2011. Administrative Office of the U.S. Courts, Judicial Business of the U.S. Courts (2012), available at http://www. uscourts.gov/statistics/JudicialBusiness. aspx (Table C-10). It is not surprising that Congress would dictate a confined standard of review for claims so numerous and so committed to a single agency. By expanding the applicable standard of review in the present application of § 405(g), we invite unanticipated consequences in the application of this erroneous precedent to Social Security claims.
For the reasons set forth above, I respectfully dissent. I would affirm.