Angela **SIMPSON**, Plaintiff,

v.

Carolyn W. **COLVIN**, Defendant.

Civil Action No. 14–762 (JEB/DAR)

United States District Court,
District of Columbia.

Signed August 10, 2015

32

Stephen F. Shea, Elkind & Shea, Silver Spring, MD, for Plaintiff.

Alexander Lee Cristaudo, Lauren Donner Chait, Social Security Administration, Philadelphia, PA, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

JAMES E. BOASBERG, United States District Judge

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Deborah A. Robinson on July 17, 2015. The 14-day period during which the parties may file objections to the Report and Recommendation has expired, *see* Local Civil Rule 72.3(b), and neither party has filed objections.

Plaintiff Angela Simpson brought this action seeking to reverse the final decision of the Commissioner of Social Security, Defendant Carolyn W. Colvin, denying her applications for social-security benefits and supplemental-security income. Simpson alleged that the decision of the Administrative Law Judge was not supported by substantial evidence. Magistrate Judge Robinson determined that the ALJ had failed to follow the proper procedure for analyzing mental impairments and had not properly evaluated pertinent evidence. She thus recommended that this Court reverse the ALJ's decision and remand the matter to the Social Security Administration. *See* MJ R & R at 13–14.

After consideration of the Report and Recommendation of Magistrate Judge Robinson, the absence of any party's objection thereto, the entire record before the Court, and the applicable law, the Court ORDERS that:

1. The Report and Recommendation is hereby ADOPTED;

2. Plaintiff's Motion for Reversal [ECF No. 9] is GRANTED;

3. Defendant's Motion for Judgment on the Pleadings [ECF No. 11] is DENIED; and

4. The case is REMANDED to the Social Security Administration for proceedings consistent with the Report and Recommendation.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

DEBORAH A. ROBINSON, United States Magistrate Judge

Plaintiff Angela Simpson commenced this action against the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), seeking reversal of an Administrative Law Judge's decision denying Plaintiff's claim for social security benefits and supplemental security income. *See* Complaint (Document No. 1). This matter was referred to the undersigned United States Magistrate Judge "for full case management up to and excluding trial." Referral to Magistrate Judge Order (Document No. 4). Pending for consideration by the undersigned are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (Document No. 9) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (Document No. 11). Upon consideration of the motions, the memoranda in support thereof and opposi-

tion thereto, the administrative record, and the entire record herein, the undersigned will recommend that the Court grant Plaintiff's motion and deny Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff Angela Simpson, who was 47 at the time of the administrative decision, applied for disability insurance on June 16, 2011. Memorandum in Support of Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Memorandum") (Document No. 9-1) at 1-2. Plaintiff initially reported her disability onset date as September 9, 2009, but later amended the date to June 15, 2011. *Id.* at 1. Plaintiff cited her disabilities as lumbar radiculopathy, cervical degenerative disc disease, cervical muscle spasms, migraine headaches, carpal tunnel syndrome, hypertension, high cholesterol, mild mitral valve leaflet, back fusion at L4-L5 and diabetic neuropathy. Administrative Record ("AR") (Document No. 6-6) at 17. Her past work included employment as an Accounting Technician and Senior Supervision Technician. *Id.* Plaintiff's application was initially denied on January 19, 2012, AR (Document No. 6-3) at 14, and upon reconsideration her application was again denied on June 19, 2012. *Id.* at 25-26.

On July 17, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on April 24, 2013. Plaintiff's Memorandum (Document No. 9-1) at 3. The ALJ determined that "claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act." AR (Document No. 6-2) at 28. The Social Security Administration ("SSA") has a five-step sequential process for determining whether an individual is disabled and the ALJ used this process in coming to his conclusion. 20 C.F.R. § 404.1520(a). First, the ALJ found that "claimant ha[d] not engaged in substantial

gainful activity since June 15, 2011, the alleged onset date" AR (Document 6-2) at 16. The ALJ then found that the claimant suffers from severe impairments (back disorder, headaches, diabetes mellitus and carpal tunnel syndrome), but "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." *Id.* at 6-7.

The ALJ further found that Plaintiff has the Residual Functional Capacity ("RFC") to perform "light unskilled work" and "requires a sit/stand option." *Id.* at 19. Additionally, the ALJ found that Plaintiff is "unable to perform any past relevant work," and "has dominant hand manipulation for reaching, handling, fingering and feeling on an occasional basis," *Id.* Based the testimony of the vocational expert and "considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 13-14. Accordingly, the ALJ concluded that Plaintiff is not disabled. *Id.* at 28.

Thereafter, on May 22, 2013, Plaintiff requested a review of the ALJ's decision by the Appeals Council. AR (Document No. 6-2) at 7. This review was denied on January 31, 2012, upholding the decision of the ALJ, citing they found no reason under the rules to review the ALJ's decision. Thus, the ALJ's decision became the final decision of the Commissioner. *Id* at 2. Plaintiff then, through counsel, filed this action on September 17, 2014. Plaintiff's Memorandum (Document No. 9-1) at 1.

## CONTENTIONS OF THE PARTIES

Plaintiff contends that the ALJ's decision "fails to be supported by substantial evidence and is erroneous as a matter of law" and therefore should be reversed.

*Id.* Plaintiff supports her contention with three main arguments.

First, Plaintiff argues that the administrative law judge failed to follow the proper procedure for analyzing mental impairments, more specifically that the ALJ failed to follow the special "Psychiatric Review Technique" as required by 20 CFR § 404.1520. *Id.* at 6–7. Plaintiff additionally states that the ALJ's evaluation of the Plaintiff's mental impairment fails to be supported by substantial evidence because he focused on one medical visit instead of the entire year of treatment. *Id.* at 7.

Defendant responds to this first argument by contending that the ALJ reasonably evaluated Plaintiff's mental impairment and substantial evidence supports his findings. Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment of Reversal ("Defendant's Memorandum") (Document No. 12) at 16. Defendant argues that the ALJ reasonably determined Plaintiff did not have a specific mental impairment relevant to the five-step sequential evaluation process. *Id.* Defendant also argues that, "even in the absence of a complete mental analysis at step two, because the ALJ incorporated any and all of Plaintiff's alleged mental functional limitations into the RFC finding . . . the outcome of this case would not change." *Id.* at 17.

Plaintiff replies by noting that the Defendant does not dispute that the ALJ failed to follow the required analysis. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Reply") (Document No. 13) at 2. Plaintiff also contends that the Defendant fails to recognize that the ALJ's failure to properly explain his analysis of the Plaintiff's mental impairments does not allow for an effective review of the limitations that were assessed. *Id* at 2–3.

Plaintiff's second argument is that the ALJ erroneously assessed Plaintiff's Residual Functional Capacity ("RFC"). Plaintiff's Memorandum (Document No. 9–1) at 7. More specifically, Plaintiff argues that the ALJ (1) "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion," *id.* at 10; (2) failed to recognize that the Plaintiff's carpal tunnel syndrome was bilateral, *id.* at 11; and (3) "erroneously evaluated the opinion of the Plaintiff's treating physician, Dr. Andrew Panagos." *Id.*

Defendant responds that the "ALJ more than adequately captured Plaintiff's functional limitations when assessing her RFC." Defendants Memorandum (Document No. 12) at 17. To Plaintiff's first point, Defendant argues that the ALJ appropriately explained the basis of his RFC evaluation in narrative form by devoting "six single-spaced pages" to the discussion. *Id.* at 18. To Plaintiff's second point, Defendant argues that "the ALJ's decision to impose limitations concerning Plaintiff's right, dominant hand is supported by medical evidence specifically cited in the ALJ's decision." *Id.* at 20. Defendant further points to evidence in Plaintiff's treatment records that do not support Plaintiff's argument. *Id.* To Plaintiff's third point, Defendant argues that "the ALJ reasonably assessed Dr. Panagos opinions, compared them to substantial evidence contained on the record and provided evidentiary support for his decision." *Id.*

Plaintiff replies that the Defendant "has failed to recognize the distinction between a summary of the medical evidence and an analysis explaining the rationale behind a particular restriction." Plaintiff's Reply (Document No. 14) at 3. Plaintiff also argues that the Defendant's arguments regarding the ALJ's evaluation Dr. Panagos'

medical opinion are post-hoc rationalizations and should therefore be prohibited.

Plaintiff's final argument is that the ALJ erroneously relied upon the testimony of the vocational expert. Plaintiff's Memorandum (Document No. 9–1) at 19. She contends that the ALJ's hypothetical question to the vocational expert failed to include all of the Plaintiff's limitations and the Plaintiff is not capable of performing the three occupations that the vocational expert identified. *Id.*

Defendant argues that the ALJ reasonably relied upon the Vocational Expert's testimony because the ALJ's hypothetical question posed to the vocational expert mirrors the ALJ's RFC. Defendant's Memorandum (Document No. 12) at 24. Defendant contends that the hypothetical question posed to a Vocational Expert need only reflect functional limitations that are supported by the record; and thus, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's finding that Plaintiff was not disabled. *Id.*

Plaintiff replies by pointing out that Defendant does not dispute "the Plaintiff's arguments that all of the occupations identified by the vocational expert ... are outside of the range of work which the Plaintiff is capable of performing...." Plaintiff's Reply (Document No. 14) at 9.

**STATUTORY FRAMEWORK**

The Social Security Act established a framework to provide "disability insurance benefits" to eligible individuals and "to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The statute defines disability for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" § 423(d)(1)(A); 20 C.F.R. § 416.905. A disabled individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning "income" and "resources." 42 U.S.C. § 1382(a). The Social Security Administration has promulgated regulations, pursuant to the statute, outlining a five-step process for evaluating disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity"; if yes, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). If not, the agency determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement ... or a combination of impairments that is severe and meets the duration requirement ...." §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The impairment or combination of impairments is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities ...." §§ 404.1520(c); 416.920(c). If deemed severe, the agency then determines whether the impairment "meets or equals one of [the] listings"; if so, and it meets the duration requirement, the agency concludes that the claimant is disabled. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d). The "listings" refers to a "listing of impairments" which "describes for each of the major body systems impairments that [the agency] consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." § 404.1525(a).

Next, the agency assesses the claimant's "residual functional capacity and ... past

relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f). Residual functional capacity is "the most [an individual] can still do despite" "physical and mental limitations," from all medically determinable impairments, "that affect what [he or she] can do in a work setting." § 404.1545. If the claimant has the residual functional capacity to perform his or her "past relevant work," the claimant is deemed not disabled. § 404.1560(b)(3). Otherwise, the agency assesses the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make an adjustment to other work." §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g). If the claimant can adjust to other work that "exist[s] in significant numbers in the national economy," the agency determines that the individual is not disabled. § 404.1560(c). However, if the claimant cannot make such an adjustment, the agency finds that the individual is disabled. §§ 404.1520(g)(1), 416.920(g)(1).

**APPLICABLE STANDARD**

■ Claimants may seek judicial review in a United States district court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." 42 U.S.C. § 405(g). "The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C.Cir.2004) (citations omitted). "In other words '[a] district court's review of the [Social Security Administration's] findings of fact is limited to whether those findings are supported by substantial evidence.'" *Broyles v. Astrue*, 910 F.Supp.2d 55, 60 (D.D.C.2012) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "The test requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Id.* (citation omitted) (internal quotation marks omitted).

■ The United States Court of Appeals for the District of Columbia Circuit has observed that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C.Cir.2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law,'" *Jeffries v. Astrue*, 723 F.Supp.2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C.Cir.1987)); see also *Nicholson v. Soc. Sec. Admin.*, 895 F.Supp.2d 101, 103 (D.D.C.2012) (citation omitted) (internal quotation marks and alteration omitted) (noting that the inquiry upon judicial review "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits"); *Guthrie v. Astrue*, 604 F.Supp.2d 104, 112 (D.D.C. 2009) (citations omitted) (noting that the court "is not to review the case 'de novo' or reweigh the evidence"). "The plaintiff bears the burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11–1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted); see also *Charles v. Astrue*, 854 F.Supp.2d 22, 27–28 (D.D.C.2012).

**DISCUSSION**

For the reasons that follow, the undersigned finds that the ALJ's findings are not supported by substantial evidence, and

were not made in accordance with applicable law.

### I. The Administrative Law Judge Failed to Follow the Proper Procedure for Analyzing Mental Impairments

■ The Plaintiff asserts that the ALJ "failed to follow the special technique, as required by this regulation." Plaintiff's Memorandum (Document No. 9–1) at 7. Plaintiff argues that because the ALJ "failed to rate the degree of functional limitation in the four required broad areas of function: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation," the ALJ's evaluation of mental impairments is erroneous as a matter of law. Id.

In addition to the five-step analysis discussed above and outlined in 20 C.F.R. § 404.1520, there are regulations concerning evaluations of the severity of mental impairments. 20 C.F.R § 404.1520a. These regulations require application of the Psychiatric Review Technique at the second and third steps of the five-step framework. Id. This technique requires that the SSA "first evaluate [the claimant's] pertinent symptoms ... to determine whether [the claimant has] a medically determinable mental impairment." Id. at § 404.1520a(b). If the claimant is found to have such an impairment, the reviewing authority must "then rate the degree of functional limitation resulting from the impairment in accordance with paragraph (c)," id, which specifies four broad functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. at § 404.1520a(c)(3). With respect to the first three functional areas, "we will use the following five-point scale: None, mild, moderate, marker and extreme." Id. at § 404.1520(c)(4). With

respect to the last functional area, "we will use the following four-point scale: None, one or two, three, four or more." Id. According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and "none" in the fourth area, the reviewing authority generally will conclude that the claimant's mental impairment is not severe. Id. at § 404.1520a(d)(1).

The Defendant states that "the ALJ reasonably determined that Plaintiff did not have a specific mental impairment relevant to the five-step sequential evaluation process," because the ALJ stated that "the claimant has no significant depressive symptoms, which would limit her ability to engage in work-related activities." (Defendant's Memorandum) (Document No. 11) at 16. However, even in the event that the ALJ reasonably concluded Plaintiff's mental impairments were not severe, it does not appear that the ALJ followed the proper steps in coming to this conclusion and therefore it is erroneous. Brown v. Barnhart, 370 F.Supp.2d 286, 288 (D.D.C. 2005), citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987) (a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law).

After careful review of the ALJ's narrative, the undersigned finds that the ALJ did not follow the proper method for evaluating Plaintiff's mental impairment. Despite noting Plaintiff's mood disorder, the ALJ includes no discussion, or even mention, of Plaintiff's social functioning; concentration, persistence or pace; or episodes of decompensation at step two. See HOD at 6. In addition, the ALJ did not rate the degree of limitation in any of above the four functional areas. Given the ALJ's failure to follow the Psychiatric Review Technique correctly, the undersigned cannot determine if the ALJ's finding is

supported by substantial evidence. Accordingly, the undersigned finds that the ALJ's conclusion regarding Plaintiff's mental impairment is erroneous as a matter of law.

## II. The Administrative Law Judge Failed to Properly Evaluate Pertinent Evidence

■ The Plaintiff asserts that the ALJ "failed to recognize that the Plaintiff's carpal tunnel syndrome was bilateral." Plaintiff's Memorandum (Document No. 9–1) at 11. The ALJ determined that the Plaintiff had an RFC that included "dominant hand manipulation for reaching, handling and fingering and feeling occasionally." AR (Document No. 6–2) at 13. Plaintiff argues that because the ALJ made no mention of the left, non-dominant hand, the Administrative Law Judge consequently failed to evaluate Plaintiff's non-dominant hand impairment.

■■ Although the Administration asserts justification for the absence of limitations on the Plaintiff's left hand, the undersigned cannot conclude that these assertions meet the requirement of substantial evidence. Defendant's Memorandum (Document No. 12) at 19. As stated above, "substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Butler*, 353 F.3d at 999. The Administration argues that because Dr. Cohen stated the bilateral carpal tunnel syndrome is "worse on the right side," there need not be limitations imposed on the Plaintiff's non-dominant extremity. Defendant's Memorandum (Document No. 12) at 19. However, the undersigned cannot concur in this argument. Dr. Cohen does not state that the Plaintiff has no impairment to her non-dominant extremity, but merely states that one is worse than the other. Additionally, the

Defendant argues that because "Drs. McMorris and Nicholas both concluded that Plaintiff had no manipulative limitations or restrictions, of either hand," the ALJ's decision is supported by substantial evidence. *Id.* at 20. This argument is not supported by the ALJ's decision because the ALJ decided to impose limitations on the Plaintiff's dominant hand. AR (Document No. 6–2) at 13. Drs. McMorris and Nicholas believed that Plaintiff would not have needed limitations on either hand; and therefore, the ALJ did not give substantial weight to their medical opinions. *Id.*

■ Additionally, the undersigned finds, as Plaintiff maintains, that the two assertions by the Administration are "post-hoc rationalizations." Document No. 14 at 6. The Court's job is to review the determinations made by the ALJ, "not to engage in these determinations for him." *Ross v. Astrue*, 636 F.Supp.2d 127, 133 (D.D.C.2009) (citations omitted). Additionally, "in reviewing a social security disability administrative decision, the Court may only consider the ground proffered by the agency in its decision for post-hoc rationalizations do not suffice." *See Clark v. Astrue*, 826 F.Supp.2d 13 (D.D.C.2011).

The ALJ, in his discussion, notes that "neurological testing revealed that the claimant had mild bilateral carpal tunnel syndrome." AR (Document No. 6–2) at 16. The ALJ additionally notes that "Dr. Cohen stated [she] had mild numbness in her hands due to carpal tunnel syndrome." *Id.* Furthermore, the ALJ notes that "Dr. Villanueva stated that the claimant has mild restriction in her hands." *Id.* at 20. Although, the ALJ has given great weight to the comments from claimant's examining physician, Dr. Ezra Cohen, *id.* at 21, and significant weight to Dr. Villanueva, the physician from Disability Determinations Services, his RFC determination is

not in line with their medical examinations. *Id.* Both doctors indicate that the Plaintiff has carpal tunnel syndrome in both hands, however, the ALJ only imposes limitations on the Plaintiff's right hand. *Id.*

 The S.S.A. Ruling requires that the ALJ assess an individual's exertional capacities, including the seven strength demands of "sitting, standing, walking, lifting, carrying, pushing and pulling." *Assessing Residual Functional Capacity in Initial Claims,* SSR 96–8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "When the ALJ arrives at a conclusion regarding these strength functions that contradicts some part of evidence on the record, the ALJ must explain his rationale." *Ross v. Astrue,* 636 F.Supp.2d 127, 133 (D.D.C.2009) (citation omitted). "As this circuit has established, '[t]he judiciary can scarcely perform its assigned review function . . . without some indication . . . [as to] whether [the] evidence was rejected rather than simply ignored.'" *See Mitchell–Jenkins v. Colvin,* 86 F.Supp.3d 5, 10, 2015 WL 1478445, at *4 (D.D.C.2015), (citing) *Brown v. Bowen,* 794 F.2d 703, 708 (D.C.Cir.1986). Therefore, the ALJ must explain the contradiction between his RFC conclusion, which did not mention the Plaintiff's left, non-dominant, hand and the evidence on the record that states the Plaintiff had bilateral carpal tunnel.

After a careful review of the Administrative Record, and more specifically the narrative of the Administrative Law Judge and the Plaintiff's RFC, the undersigned believes that the ALJ did not properly

explain his reasoning for not including the Plaintiff's bilateral carpal tunnel in the RFC. By making the decision to only include "dominant hand manipulation for reaching, handling and fingering and feeling occasionally," AR (Document No. 6–2) at 13, in the RFC, the ALJ effectively contradicted part of the medical evidence in the record.

The undersigned recommends that the court reverse and remand this case to the Administration so that the ALJ can address the evidence in the record suggesting the Plaintiff has bilateral carpal tunnel.[1]

**CONCLUSION**

For the foregoing reasons, the undersigned concludes that the Administrative Law Judge failed to follow proper procedure in his analysis of Plaintiff's mental impairment and erroneously evaluated pertinent evidence. It is therefore, this 17th day of July, 2015,

**RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (Document No. 9) be **GRANTED**; and it is

**FURTHER RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Document No. 11) be **DENIED**.

---

1. Because the undersigned has recommended that the ALJ address the evidence on record, there is no reason to discuss the accuracy of the hypothetical posed to the vocational expert. If it is found that the RFC must be changed, then the hypothetical question posed to the vocational expert must also be changed to mirror the new RFC. Accordingly, the undersigned notes that "[i]f the ALJ looks to a vocational expert in assessing a claimant's ability to do other work, the ALJ 'must accurately describe the claimant's physical impairments in any question posed to the expert.'" *Ray v. Astrue,* 718 F.Supp.2d 65, 77 (D.D.C. 2010) (citations omitted).