**Donald BROWN, Jr., Plaintiff,**

**v.**

**Carolyn W. COLVIN, Acting Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 14–cv–1826 (CRC) (DAR)**

United States District Court, District of Columbia.

Signed 11/30/2016

Stephen F. Shea, Elkind & Shea, Silver Spring, MD, for Plaintiff.

Robert Shannon Drum, Lauren Donner Chait, Social Security Administration, Philadelphia, PA, for Defendant.

### ORDER

CHRISTOPHER R. COOPER, United States District Judge

Upon careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation filed September 29, 2016, and hearing no objections from the Defendant, the Court hereby **ADOPTS** the Report and **ACCEPTS** the Recommendation of the Magistrate Judge. Accordingly, it is hereby

**ORDERED** that [9] Plaintiff's Motion for Judgment of Reversal be **GRANTED.** It is further

**ORDERED** that [10] Defendant's Motion for Judgment of Affirmance be **DENIED.** It is further

**ORDERED** that the case be remanded to the Social Security Administration for further proceedings consistent with the Report and Recommendation.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

DEBORAH A. ROBINSON, United States Magistrate Judge

Plaintiff Donald Brown Jr. ("Plaintiff") commenced this action against the Acting Commissioner of Social Security ("Defendant"), pursuant to 42 U.S.C. § 405(g), seeking reversal of an Administrative Law Judge's decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income. Compl. ¶ 4, ECF No. 1. This matter was referred to the undersigned for full case management. Referral, ECF No. 3. Pending for consideration by the undersigned are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 9) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 10). Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the administrative record, and the entire record herein, the undersigned will recommend that the Court grant Plaintiff's Motion and deny Defendant's Motion.

### FACTUAL BACKGROUND

Plaintiff applied for Supplemental Security Income Benefits on May 23, 2011, pursuant to Title XVI of the Social Security Act. Pl.'s Mem. 1, ECF No 9–1. Plaintiff alleged disability, commencing on February 27, 2007, based on carpal tunnel syndrome, arthritis of the knees and back, hypertension, asthma, and a hernia. *Id.* at 1–2. Defendant denied Plaintiff's claims initially and upon reconsideration. *Id.* at 2.

On June 3, 2012, Plaintiff requested a hearing before an administrative law judge. Administrative Record ("AR") at 100, ECF No. 7–4. The hearing took place on April 22, 2013. Pl.'s Mem. 2, ECF No. 9–1. On June 6, 2013, Administrative Law Judge Larry Banks ("ALJ") denied Plaintiff's claim, finding that Plaintiff was not

"disabled" within the meaning of the Social Security Act. AR at 33, ECF No. 7–2. In the decision, the ALJ used the five-step process to determine whether Plaintiff was disabled. *Id.* at 28–33. First, the ALJ found that Plaintiff did not engage in substantial gainful activity since the application date. *Id.* at 28. Second, the ALJ found that Plaintiff had the following severe impairments: gastroesophageal reflux disease (GERD), chronic obstructive pulmonary disease (COPD), anemia, pre-glaucoma, diabetes, cervical and lumbar degeneration, post-traumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), and depression. *Id.* Third, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Further, the ALJ determined that Plaintiff had the residual functional capacity to perform "light work" as defined in 20 C.F.R. § 416.967(b) "except he must have [the] option to alternate between sitting and standing at intervals of 20–30 minutes; can stoop occasionally; is unable to climb ladders, ropes, or scaffolds, or work around dangerous machinery or unprotected heights; and must avoid concentrated exposure to environmental pollutants." *Id.* at 30. In addition, the ALJ found that Plaintiff was limited to "performing simple instructions and can have occasional contact with coworkers, supervisors, and the public[,]" and "may be off-task 5% of the work day." *Id.* Fourth, the ALJ found that Plaintiff was not capable of performing her past relevant work. *Id.* at 32. Fifth, relying on a vocational expert's testimony, with the consideration of Plaintiff's age, education, work experience, and residual functional capacity, the ALJ ultimately determined that Plaintiff was capable of "making a successful adjustment to other work that exists in significant numbers in the national economy,"

and thus found that Plaintiff was not disabled. *Id.* at 33.

Following the unfavorable decision, Plaintiff sought review of the ALJ's findings. AR at 20, ECF No. 7–2. The Appeals Council denied Plaintiff's request. *Id.* at 2. To reverse the ALJ's decision, Plaintiff filed an action in this Court on October 30, 2014. Compl. 2, ECF No. 1.

## STATUTORY FRAMEWORK

The Social Security Act of 1935 established a framework to provide "disability insurance benefits" to eligible individuals and "supplemental security income" to individuals who have "attained age 65[,] . . . are blind[,] or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The Act defines "disability" for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The Social Security Administration ("Administration") has promulgated regulations, pursuant to the Act, outlining a five-step process for determining disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity." If so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

Second, if the claimant is not engaging in substantial gainful activity, the agency determines whether the claimant has a "severe medically determinable physical or

medical impairment that meets the duration requirement ... or a combination of impairments that is severe and meets the duration requirement ...." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Third, if the claimant's impairments are deemed "severe," the next question becomes whether the impairment "meets or equals one of the listings" in 20 C.F.R. § 404.1525(a). The "listings" refer to a "listing of impairments" which "describes for each of the major body systems impairments that [the Administration] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id.*

Fourth, if the claimant's impairments do not satisfy one of the listings, the agency assesses the claimant's "residual functional capacity" to see whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520. If so, the claimant is not disabled. *Id.* Residual functional capacity is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545.

Fifth, and finally, if the claimant is unable to perform his or her "past relevant work," the agency evaluates the claimant's "residual functional capacity and ... age, education, and work experience to see if [he or she] can make adjustment to *other* work." 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g) (emphasis added). If the claimant cannot make such an adjustment, the Administration finds that the individual is "disabled." 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## APPLICABLE STANDARD OF REVIEW

█ Claimants may seek judicial review in a district court of "any final decision of the Commissioner of Social Security made after a hearing to which [they were] a party." 42 U.S.C. § 405(g). The Commis-

sioner's ultimate determination will not be disturbed "if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [Administration's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F.Supp.2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). The test requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

█ The D.C. Circuit has observed that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it ... is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F.Supp.2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)); *see also Nicholson v. Soc. Sec. Admin.*, 895 F.Supp.2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation marks and alteration omitted) (noting that the inquiry upon judicial review "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits"); *Guthrie v. Astrue*, 604 F.Supp.2d 104, 112 (D.D.C. 2009) (citation omitted) (noting that the court is "not to review the case 'de novo' or reweigh the evidence"). The claimant bears the "burden of demonstrating that the Commissioner's decision

[was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11–1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted); *see also Charles v. Astrue*, 854 F.Supp.2d 22, 27–28 (D.D.C. 2012). A district court has discretion "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." *Faison v. Colvin*, Civil No. 14–1551, 187 F.Supp.3d 190, 193, 2016 WL 2962189, at *2 (D.D.C. May 20, 2016) (citing *Ademakinwa v. Astrue*, 696 F.Supp.2d 107, 110 (D.D.C.2010)) (internal quotation marks omitted).

 The court has discretion to remand for the purpose of an award of benefits rather than for further proceedings "where the evidence on the record as a whole is clearly indicative of [the eligibility of the claimant] and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits." *Espinosa v. Colvin*, 953 F.Supp.2d 25, 35–36 (D.D.C. 2013) (quoting *Hawkins v. Massanari*, Civil No. 00–2102, 2002 WL 379898, at *4 (D.D.C. March 8, 2002)). Reversal instead of remand is appropriate "where the record in the case is thoroughly developed, and a hearing would merely function to delay the award of benefits." *Faison*, 187 F.Supp.3d at 194, 2016 WL 2962189, at *2 (D.D.C. May 20, 2016) (citing *Ademakinwa*, 696 F.Supp.2d at 110).

## DISCUSSION

*1. The ALJ's decision not to include any manipulative limitation in his RFC findings was supported by substantial evidence because the ALJ carefully considered all the relevant medical records and provided a sufficient explanation.*

 Plaintiff first argues that the ALJ failed to include any limitation on Plain-

tiff's ability to handle or perform fine manipulation in his RFC determination. Pl.'s Mem. 6, ECF No. 9–1. Defendant responds that medical evidence in the record does not support any limitation on Plaintiff's manipulative functions, and alternatively, such an omission does not affect the outcome of the case, because the ALJ's hypothetical questions during the administrative hearing addressed manipulative limitations to the extent established by the medical evidence.

Residual functional capacity ("RFC") is an individual's ability to perform sustained work-related physical and mental activities in a work setting on a regular and continuing basis. 20 C.F.R. § 416.945(a)(1). The ultimate determination of RFC is specifically reserved to an ALJ, but the ALJ must include a narrative discussion describing how the evidence supports each conclusion, citing medical facts and non-medical evidence. SSR 96–8p, 61 Fed. Reg. 128, at *7 (July 2, 1996). The ALJ must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. *Id.*

Here, the ALJ's decision not to impose any manipulative limitations was within his discretion and was supported by substantial evidence. Plaintiff alleged disability based on, *inter alia*, carpal tunnel syndrome, citing a statement made by Nurse Practitioner Nakisha Sattelmaier as proof. Pl.'s Mem. 6 (citing AR at 312, ECF No. 7–8). However, this statement does not establish Plaintiff's carpal tunnel syndrome, because it is just a restatement of Plaintiff's allegation for the purpose of referral. *See* AR at 312, ECF No. 7–8. In fact, Dr. Taghi Asadi, a neurologist, later concluded that there was "no overt evidence" of carpal tunnel syndrome based on the results from a nerve conduction study.

AR at 370, ECF No. 7–8. The state medical consultants who examined Plaintiff's medical record also found that Plaintiff's medically determinable impairments did not include carpal tunnel syndrome. *See* AR at 71, 81, ECF No. 7–3.

Consistent with these findings, the ALJ discredited Plaintiff's allegations of disabling symptoms, especially based on carpal tunnel syndrome, and gave significant weight to the state medical consultants' opinion. AR at 30–31, ECF No. 7–2. In so doing, the ALJ pointed out the discrepancy between Plaintiff's allegations of limiting symptoms and the medical evidence. *Id.* Because the ALJ's credibility assessment is sufficiently specific and supported by the record, his credibility determination is entitled to great weight and deference. *See Thomas v. Astrue,* 677 F.Supp.2d 300, 308 (D.D.C. 2010); SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). After making these credibility determinations, the ALJ adopted the state medical consultants' opinion regarding Plaintiff's physical impairments without imposing any manipulative limitations. AR at 31–32, ECF No. 7–3. This decision was within the ALJ's discretion because the RFC determination is one of the issues expressly reserved to the Commissioner. 20 C.F.R. § 404.1527(d). Accordingly, Plaintiff's argument on the first issue is without merit.

*2. The ALJ's mental RFC findings were not supported by substantial evidence because he failed to properly explain the basis of his findings.*

■ Second, Plaintiff argues that the ALJ failed to properly explain the basis of the restrictions imposed on Plaintiff's mental and social capacity.[1] Pl.'s Mem. 6, 8–10, ECF No. 9–1. Specifically, Plaintiff argues that the ALJ did not provide any basis for

the finding that Plaintiff was "limited to performing simple tasks, and could tolerate only occasional contact with coworkers, supervisors, and the general public[,]" and that Plaintiff "may be off-task 5% of the work day." *Id.* In addition, Plaintiff argues that the ALJ failed to provide a "more detailed" assessment of Plaintiff's capacity to perform the mental demands of the work. *Id.* at 10–11. The undersigned agrees.

■ Social Security Ruling 96–8p provides, in pertinent part, that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B and C of the adult mental disorders listings in 12.00 of the Listings of Impairments" than the mental assessment used at Step 2 and Step 3 of the sequential evaluation process. *Id.* at *4. Merely listing the claimant's medical history and making a conclusive statement do not satisfy this requirement. *Williams v. Colvin,* 134 F.Supp.3d 358, 364 (D.D.C. 2015). The ALJ must build an "accurate and logical bridge" from the evidence to his conclusion, so that the reviewing court may assess the validity of the agency's ultimate findings and afford the claimant a meaningful judicial review. *Id.*

Here, the ALJ failed to provide the logical bridge. While the ALJ found that Plaintiff's mental RFC was limited to performing simple tasks and occasional contact with others, he failed to fill the logical gap between the medical evidence and such a limitation. *See* AR at 32, ECF No. 7–2. More specifically, the ALJ, in his RFC finding, stated:

> After careful consideration of the entire record, the undersigned finds that the

---

1. Because Plaintiff's second and third arguments are related to the mental RFC findings, the undersigned finds it logical to address them in one discussion.

claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.697(b) except he must have to [sic] option to alternate between sitting and standing at intervals of 20–30 minutes; can stoop occasionally; is unable to climb ladders, ropes, or scaffolds, or work around dangerous machinery or unprotected heights; and must avoid concentrated exposure to environmental pollutants. *He is limited to performing simple instructions and can have occasional contact with coworkers, supervisors, and the public. Due to concentration and focus problems, the claimant may be off-task 5% of the work day.* *Id.* at 30 (emphasis added).

To explain the mental RFC finding, the ALJ provided the following two paragraphs:

With regards to the claimant's mental impairments, the claimant first told his primary care physician in October 2011 that he was having thoughts of suicide. Exhibit 15F/21. He was referred to a psychiatrist, who he visited in January 2012. At that visit, the claimant reported that he frequently felt angry and irritated, had engaged in fist fights with strangers and people known to him, and greatly feared large bodies of water and had to fight urges to jump out windows. He endorsed depressive symptoms and poor concentration and memory. He was diagnosed with OCD and major depression, and was prescribed Sertraline. Exhibit 13F/29.

Based on this evidence, the undersigned gives little weight to the opinion of State agency psychological consultant Aroon Suansillppongse, M.D., that there is insufficient evidence to assess the claimant's psychological limitations. Exhibit 18F.

*Id.* at 32.

These two paragraphs are the only explanation with respect to how the ALJ

concluded that Plaintiff's mental capacity was limited to such degree. However, the first paragraph is merely a summary of Plaintiff's allegations of mental impairments, and the second paragraph is simply a credibility determination of the state medical consultant's opinion. *Id.* There is no "logical bridge" between the evidence and the ALJ's RFC determination on Plaintiff's mental capacity.

Defendant attempts to fill the gap by pointing to evidence tending to support the ALJ's mental RFC findings. Def.'s Mot. 17, ECF No. 10. For example, Defendant stated that "the ALJ explained that his limitation of Plaintiff to simple tasks was based on a finding that Plaintiff had moderate difficulties in concentration, persistence, or pace based on Plaintiff's reported difficulties with concentration and memory due to fears and depressive symptoms." *Id.* However, the undersigned may not accept such a *post hoc* rationalization. *Williams*, 134 F.Supp.3d at 364 (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)) ("A reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action.' ").

Furthermore, even the evidence cited by Defendant's counsel to explain the ALJ's RFC findings was not mentioned in the RFC discussion. *See* Def.'s Mot. 17 (citing reports listed on page 29 of the opinion in which the ALJ discussed whether Plaintiff's impairments met the severity of the Listings). A fair reading of Social Security Ruling 96–8p suggests that the mental impairments analysis used at Steps 2 and 3 cannot substitute for the mental RFC analysis required for Step 4 and Step 5. *See* SSR 96–8p, 61 Fed. Reg. 128, at *4 (July 2, 1996) ("The mental RFC assess-

ment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments."). Thus, it is unclear to what extent the ALJ considered the evidence of Plaintiff's medical impairments and how such consideration resulted in the restrictions on Plaintiff's mental capacity in the RFC determination.

In addition, a comparison between the ALJ's RFC finding (Step 4 and 5) and his severity of impairments (Step 2 and 3) finding shows that the ALJ's explanation for Plaintiff's mental RFC limitation fell short of the required level of discussion. Social Security Ruling 96–8p provides that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires *a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments.*" SSR 96–8p, 61 Fed. Reg. 128, at *4 (July 2, 1996) (emphasis added).

Here, while the ALJ spent multiple pages to discuss Plaintiff's mental impairments at Step 3 of the sequential evaluation process, he spent only two short paragraphs to explain his mental RFC determination at Step 4. *Compare* AR at 29–30 *with* AR at 32. More importantly, the ALJ's mental RFC discussion failed to "itemize" various functions in paragraph B and C of the Listings, as required by the Social Security Ruling. *See* AR at 32, ECF No. 7–2; SSR 96–8p, 61 Fed. Reg. 128, at *4 (July 2, 1996). Accordingly, the ALJ's mental RFC findings lack proper explanation.

Therefore, the ALJ committed reversible error by failing to provide a logical explanation for his RFC findings and by not conducting the type of analysis required by Social Security Ruling 96–8p. Without them, the Court can neither assess the validity of the ALJ's ultimate findings nor afford Plaintiff a meaningful judicial review. On remand, the ALJ must provide his own explanation of how the evidence supports each of his RFC findings.

## CONCLUSION

For the foregoing reasons, the undersigned concludes that the ALJ's findings were not supported by substantial evidence.

It is therefore, this 29th day of September, 2016,

**RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 9) be **GRANTED**, and that this matter be remanded to the Social Security Administration for further findings consistent with this Report and Recommendation; and it is

**FURTHER RECOMMENDED** that Defendant's Motion for Judgment of Affirmance (ECF No. 10) be **DENIED.**